UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS DWANYE WARE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2250** |
| **ROBERT C. TANNER, CASEY MCVEA, MICHAEL HARRELL, JOSH GOFF, DONNA TOUCHSTONE** | **SECTION "F" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On October 12, 2012, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Background

The plaintiff, Travis Dwanye Ware ("Ware"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Warden Robert C. Tanner, Dr. Casey

---

[1]766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims. The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 8. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

McVea, Major Michael Harrell, Nurse Josh Goff, and Master Sergeant Donna Touchstone, all members of the staff of the B.B. "Sixty" Rayburn Correctional Center ("RCC").

Under a broad reading,[3] Ware alleged that Dr. McVea sexually assaulted him during a medical examination at RCC on June 8, 2012. He claimed that he sued Warden Tanner as the head custodian at RCC and because he hired Dr. McVea, who is a convicted sex offender.

He stated that he sued Major Harrell for failing to inform him that Dr. McVea was a sex offender based on charges of child pornography. He also alleged that Harrell prepared a false investigative report to hide the assault. He also claimed that Harrell retaliated against him for reporting the assault.

He claimed that he named Goff, a nurse at RCC, as a defendant because he gave a false statement during the investigation that he was present in the room during the examination by Dr. McVea during which Ware claims that the assault occurred. Ware alleged that Goff left the room, as should be shown on the security cameras. He similarly named Sergeant Master Touchstone for her alleged false statement during the investigation to attempt to cover-up the assault.

As relief, Ware seeks a transfer to another facility and to have each defendant charged for the cover-up of the assault and fired from their positions. He also seeks to be awarded $50,000.00 in damages from each defendant.

A Spears hearing was held in this matter but for purposes of this decision is not relevant. On November 25, 2013 a Preliminary Conference was scheduled to take place. At the commencement of the conference, Mr. Ware advised the court that he has forgiven the defendants and now desires to dismiss his lawsuit against them. The undersigned thereafter advised him that

---

[3]*Pro se* civil rights complaints are broadly construed. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

his request would be with prejudice and he said that he understood but was willing to dismiss his case. The only remaining defendant in this case is Dr. McVea. The other defendants were dismissed per the undersigneds recommendation in a Partial Report and Recommendations. ( R. Doc. 12, 13 and 14) The proceeding in which Ware decided to dismiss his claim was recorded.

## II.    Recommendation

It is therefore **RECOMMENDED** that Ware's § 1983 claims seeking monetary relief against the only remaining defendant, Dr. McVea for retaliation and for denial of medical care be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 10th day of December, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.